288 So.2d 528 (1974)
In re ESTATE OF Robert H. CAMPBELL, Deceased.
No. 73-200.
District Court of Appeal of Florida, Third District.
January 15, 1974.
Rehearing Denied February 12, 1974.
*529 Blackwell, Walker, Gray & Powers and James E. Tribble and Mark Hicks, Miami, Ruskin & Glick, for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Sherryll M. Dunaj; Dixon, Dixon, Lane & Mitchell, Miami, for appellees.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Appellant-petitioner seeks review of an order of the circuit court, probate division, construing the will and codicil of Robert H. Campbell, deceased.
On November 2, 1964, Robert H. Campbell executed a will, Article Third (a) of which provided the manner of distribution of his residuary estate if the estate is less than $500,000 and Article Third (b) if the residuary estate exceeds $500,000. Under Article Third (b) the testator bequeathed to his brother, Francis J. Campbell, 5% of the excess of the residuary estate over $500,000. Article Eighth of the will provided as follows:
"... in the event any of my brothers, sisters, nieces or nephew shall become entitled to a portion of my estate as hereinabove provided, and they shall die prior to receiving same, then in such event, I direct that that share of my estate payable to them shall be paid or delivered to their child or children in equal shares, and in the event they leave no child or children surviving them, then I direct that the share payable to such relative be paid and delivered to my Trustees to be held for the benefit of my son, ROBERT H. CAMPBELL, II, under the terms of the Trust hereinabove created for his primary benefit."
Thereafter, on April 13, 1970 the testator executed a codicil to his will in which he republished Article Third (b) of his will in its entirety, added his wife Elizabeth Campbell as an additional trustee of the trust created in the will for the benefit of his son; and then concluded with the following provision:
"In the event any of my hereinabove named brothers, sisters, nieces or nephew shall not be living at the time of my death then the share of such deceased legatee shall go to such legatee's descendants per stirpes, and if there be no such descendants then living, then such share shall be distributed in accordance with ARTICLE EIGHTH hereof."
Robert Campbell died on November 14, 1970. About a year and a half later, on April 23, 1973 Francis Campbell, Robert's brother and residuary legatee, died leaving no children surviving. At the time of the death of Francis no distribution had been made to him from his brother's estate. Elizabeth Campbell, the widow of Robert Campbell, individually and as co-trustee of the trust for the benefit of her son, then petitioned the court to construe the above provisions of the will and codicil of her husband to determine whether the residuary legatee, Francis Campbell, was entitled to his proportionate share of the residuary estate and was vested fully therewith at his death. The court ruled that paragraph 1(b) of the codicil clearly amends Article Eighth of the will and found that the intent of the testator in amending Article Eighth was to provide that that portion of the residuary estate in excess of $500,000, payable to those persons named in Article Third (b) of the will (i.e. Francis Campbell), shall become payable as named if they survive the death of the testator. Petitioner takes this appeal therefrom.
*530 On appeal, petitioner-appellant contends the court erred in construing the will and codicil as providing that bequests to the persons named in Article Third (b) become payable to such persons if they survive the testator, where Article Eighth expressly subjected such bequests to the condition that the persons named in Article Third (b) survive to the time of distribution of their shares. We cannot agree.
A will and codicil must be construed together, and if the codicil can be given any operative effect consistent with the provisions of the will, the latter provisions will be deemed to be unaffected by the codicil. See 34 Fla.Jur. Wills § 131 (1961) and cases cited therein. If the codicil shows that it is intended to modify the provision of the will, in whole or in part, full effect must be given to such intention. 4 Page on Wills § 30.10 at 86 (1961). However, the provisions of the will should only be modified so far as necessary to give effect to the intention expressed in the codicil. See 35 Fla.Jur.Wills § 261 (1961).
After a close scrutiny of the will and codicil in light of the above principles of construction, we conclude that the provision of Article Eighth of the will stipulating in effect that the residuary legatees must be alive at the time of distribution in order for the right to their respective legacies to become vested is irreconcilable with the subsequently executed codicil providing in effect that the bequest to the residuary legatees becomes vested if they are living at the time of the death of the testator. Thus, the vesting provision in the codicil being the last expression of the testator's intention, must prevail. See 35 Fla.Jur. Wills § 261 (1961). Nevertheless, only the first part of Article Eighth of the will must be rejected in order to give effect to this codicil. The latter part of Article Eighth can be harmonized with the following portion of the codicil set out hereinabove: "and if there be no such descendants then living, then such share shall be distributed in accordance with Article Eighth hereof", i.e. "then I direct that the share payable to such relative be paid and delivered to my Trustees to be held for the benefit of my son, ROBERT H. CAMPBELL, II, under the terms of the Trust hereinabove created for his primary benefit."
Accordingly, we affirm the trial judge's order finding that paragraph 1(b) of the codicil clearly amends Article Eighth of the will and the intent of the testator in amending Article Eighth of the will was to provide that that portion of the residuary estate in excess of $500,000 payable to those named in Article Third (b) of the will shall become payable to those persons so named if they survive the death of the testator.
Affirmed.